UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY ROBERTS,

        Plaintiff,

v.

THOMAS OBRADOVICH, et al.,

        Defendants.

_____/

File No. 2:07-CV-218

HON. ROBERT HOLMES BELL

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING COMPLAINT**

On January 8, 2008, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Plaintiff Anthony Robert's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. (Dkt. No. 10.) Plaintiff filed objections to the R&R on January 17, 2008. (Dkt. No. 11.)

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The R&R recommends dismissal of Plaintiff's complaint because Plaintiff's allegations regarding the destruction of his Uniform Commercial Code ("UCC") materials

concerns a random and unauthorized act within the scope of *Parratt v. Taylor*, 451 U.S. 527 (1981), and Plaintiff has failed to allege that his available state remedies are inadequate to redress the wrong. *See Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996) (holding that the plaintiffs' due process claim failed as a matter of law where the claim fell within the scope of *Parratt* and the plaintiffs made no mention of the remedies or lack of remedies provided by state law); *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995) (same).

In his objections Plaintiff contends that the deprivation was caused by action pursuant to established state procedures. Plaintiff has not, however, identified any established procedure that would permit the destruction of his property without predeprivation process. Attached as exhibits to Plaintiff's complaint are a Contraband Removal Record and a Notice of Intent to Conduct an Administrative Hearing that were issued to Plaintiff when his UCC materials were confiscated. These documents tend to suggest that the established state procedure is to permit prisoners to request a hearing when their property is confiscated. (Dkt. No. 1, Compl., Ex. a.)

In his objections Plaintiff also contends that his available state remedies were inadequate because his grievances were denied at all three steps. The fact that Plaintiff did not obtain a favorable outcome from the grievance procedure does not indicate that the procedure was inadequate. *See Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004) ("[A]n adequate post-deprivation process does not require a favorable result for the claimant."). Furthermore, Michigan provides a number of other avenues of redress for his

property claim as outlined in the R&R. (R&R 5.) Plaintiff has not alleged that these alternative post-deprivation remedies are inadequate, nor is it likely that he could sustain such a claim. The Sixth Circuit has found that the various post-deprivation remedies provided by Michigan are adequate. *See Copeland*, 57 F.3d at 480 ("Michigan provides several adequate post-deprivation remedies . . . ."); *Mulazim v. Corrigan*, 7 F. App'x 427, 430-31 (6th Cir. 2001) ("Mulazim has an adequate remedy with the state courts of Michigan.").

In addition to his due process claim, Plaintiff asserts that he has also established a First Amendment right to be in possession of the UCC information because he was using it for "legal purposes." Plaintiff has not alleged that his UCC materials constituted legal mail from a court or an attorney such that they would be entitled to heightened First Amendment protection. *See Sallier v. Brooks*, 343 F.3d 868, 873-77 (6th Cir. 2003) (holding that legal mail entitled to heightened First Amendment protection is mail from courts and attorneys). Neither has Plaintiff alleged that the confiscation and destruction of his UCC materials has interfered with his efforts to pursue a nonfrivolous legal claim. Because he has not alleged an actual injury, he has failed to state a claim that his First Amendment right of access to the courts has been violated. *See Lewis v. Casey*, 518 U.S.343, 351 (1996) (holding that to state a claim of interference with the constitutional right of access to the courts, a prisoner must allege an actual injury in his pursuit of a legal claim); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff failed to

state an access to the court claim because he did not demonstrate actual prejudice to pending or contemplated litigation."). Plaintiff's allegations fail to state a First Amendment claim based upon his use of the materials for "legal purposes." Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 11) are **DENIED**.

**IT IS FURTHER ORDERED** that the January 8, 2008, Report and Recommendation of the Magistrate Judge (Dkt. No. 10) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A;  42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:     April 16, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE